■ In the Matter of GEORGE LUNNEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [736 NYS2d 718] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating a prison disciplinary rule and denied petitioner's grievance.

Executive Law § 995-c (3) requires that certain felony offend-

ers "provide a sample appropriate for DNA testing to determine identification characteristics specific to such person and to be included in a state DNA identification index." Petitioner was charged in a misbehavior report with refusing to comply with a direct order to provide a blood sample for the statutorily required DNA testing. Although petitioner agreed to provide the blood sample several days later, a tier III hearing was held on his initial refusal and he was found guilty of the charge. In the meantime, petitioner filed a grievance challenging the requirement that he provide a blood sample. The grievance was denied and, after unsuccessfully pursuing his administrative remedies, petitioner commenced this CPLR article 78 proceeding to review the determinations.

Petitioner correctly argues that the Hearing Officer accepted his explanation of the events that led to the charge in the misbehavior report. Nevertheless, contrary to petitioner's claim, we conclude that his explanation provides substantial evidence to support the finding that he refused to comply with a direct order. According to petitioner, when he was directed to provide a blood sample, he raised the question of whether he had already been subjected to DNA testing at another facility and offered to provide a saliva sample for what he viewed as a second test. He did not, however, at that time comply with the order to provide a blood sample. Inasmuch as petitioner was not free to disobey the order on the ground that he believed it was improper (*see, Matter of Thompson v Selsky*, 289 AD2d 809), petitioner's explanation provided no defense for his initial refusal to provide a blood sample as directed by staff.

Petitioner's procedural claim that he was not provided with adequate employee assistance was not preserved by a timely objection at the hearing (*see, Matter of Bobet v Coughlin*, 231 AD2d 759), at a time when the Hearing Officer would have had an opportunity to correct any error (*see, Matter of Geddes v Wilmot*, 111 AD2d 474, *lv denied* 66 NY2d 603, *appeal dismissed* 66 NY2d 914). In any event, in the absence of any prejudice from the alleged inadequate assistance, the claim had no merit (*see, Matter of Alvarez v Goord*, 243 AD2d 973). Petitioner's claim of Hearing Officer bias, raised for the first time in his reply brief, also was not preserved for our review.

Turning to the grievance, petitioner contends that respondent lacked the authority to require a blood sample when petitioner offered to provide a different sample for the DNA testing. Although Executive Law § 995-c (3) no longer specifies that a blood sample must be used, the statute requires "a sample appropriate for DNA testing" and it is undisputed that

a blood sample is appropriate for DNA testing. The statute clearly does not give petitioner the option to dictate the type of sample to be taken. With regard to petitioner's constitutional claims, the courts have generally upheld the requirement of blood samples to create a DNA database (*see, Kellogg v Travis*, 188 Misc 2d 164; *see also, Roe v Marcotte*, 193 F3d 72). Accordingly, the determination denying petitioner's grievance will not be disturbed.

Crew III, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.