■ In the Matter of CARL JOHNSON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [767 NYS2d 687]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this proceeding challenging a determination finding him guilty of violating the prison disciplinary

rules that prohibit disobeying a direct order, making threats, harassment and lying. The misbehavior report stems from an incident wherein petitioner was ordered to bring his identification to the correction officer's desk because he was alleged to have turned off the lights in the dorm despite a prior order to the unit to leave the lights on. According to the misbehavior report, petitioner approached the correction officer leaving only three to four inches between them and stated, "What's your problem?" Petitioner disregarded the correction officer's orders to step back, forcing the correction officer to move back. When petitioner turned to leave, he stated, "You'll get yours asshole."

Initially, the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support the determination finding petitioner guilty of the charge of lying. Accordingly, the charge must be annulled and expunged from petitioner's institutional record. Remittal for a redetermination of the penalty is not necessary as no loss of good time was imposed and petitioner's penalty has apparently been served.

Turning to the remaining charge, we reject petitioner's contention that there is insufficient evidence to support the determination of guilt. Regardless of whether petitioner was the one who turned off the lights, the misbehavior report and corroborating hearing testimony regarding petitioner's ensuing conduct provide substantial evidence to support the determination of guilt (*see Matter of Thomas v Goord*, 286 AD2d 839 [2001], *appeal dismissed* 97 NY2d 699 [2002]; *Matter of Pryce v Goord*, 281 AD2d 665 [2001]).

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of lying; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirm.