■ In the Matter of CHARLES McALLISTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [774 NYS2d 447]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with soliciting

goods and services, providing unauthorized legal assistance and engaging in the unauthorized exchange of property. The charges stem from a search of his cell which uncovered various documents, including cancelled disbursement forms made out to another inmate's relatives. During the ensuing investigation, another inmate's cell was searched and a note was found indicating that petitioner owed a third inmate money for a typewriter. After he was found guilty of all charges following a tier III disciplinary hearing, petitioner commenced this CPLR article 78 proceeding.

Initially, we find that, as conceded by the Attorney General, there is insufficient evidence in the record to support the charges that petitioner provided unauthorized legal assistance or engaged in the unauthorized exchange of property. Accordingly, that part of the determination finding him guilty of such charges must be annulled. However, remittal for a redetermination of the penalty is not necessary inasmuch as no loss of good time was imposed and the penalty has apparently already been served (*see Matter of Johnson v Selsky*, 2 AD3d 958 [2003]; *Matter of Zhang v Murphy*, 1 AD3d 784 [2003]).

With respect to the remaining charge, however, the misbehavior report and the testimony of the correction officer who prepared it establish that petitioner sought to purchase a typewriter from another inmate. That proof constitutes substantial evidence supporting the charge of soliciting goods and services from another inmate (*see Matter of Lopez v Goord*, 306 AD2d 715 [2003]; *Matter of Martin v Goord*, 252 AD2d 720, 721 [1998]). Petitioner's testimony that he intended to give money to the other inmate to help him, and not in payment for the typewriter, presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lopez v Goord, supra*).

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of providing unauthorized legal assistance and engaging in the unauthorized exchange of property; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.