■ In the Matter of BERNABE ENCARNACION, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [778 NYS2d 552]—

Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 10, 2003 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Southport Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

While making his rounds, a correction officer observed two books, which he believed belonged to the prison law library, in petitioner's cell. He twice directed petitioner to turn them over to him and petitioner refused. The incident interfered with the officer's scheduled duties. As a result, petitioner was charged in

a misbehavior report with refusing a direct order, interfering with an employee, making a false statement, damaging or losing state property and possessing stolen property. Following a tier II disciplinary hearing, he was found guilty of all charges and this determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that inasmuch as the petition includes challenges to the sufficiency of the evidence supporting the determination of guilt, it raises a question of substantial evidence and the proceeding should have been transferred to this Court in the first instance (*see* CPLR 7804 [g]). Because it is presently before us, we shall treat it as having been properly transferred and decide it de novo (*see Matter of Morales v Selsky*, 281 AD2d 658, 658 [2001], *lv denied* 96 NY2d 713 [2001]). Respondents concede, and we agree, that substantial evidence does not support the determination of guilt as to the charges of making a false statement, losing or damaging state property and possessing stolen property. Accordingly, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record. Remittal for a redetermination of the penalty is not necessary as no loss of good time was imposed and petitioner has already served his penalty (*see Matter of McAllister v Goord*, 6 AD3d 829 [2004]; *Matter of Johnson v Selsky*, 2 AD3d 958 [2003]). However, remittal is required for respondents to refund $100 of restitution to petitioner's account, as restitution cannot be ordered for a charge that is not sustained.

Turning to the charges of refusing a direct order and interfering with an employee, we find that the misbehavior report and the testimony of the correction officer who prepared it constitute substantial evidence of petitioner's guilt. Petitioner's claims that he was denied adequate employee assistance and relevant witnesses and documents at the hearing do not concern these charges. Therefore, we find no reason to disturb the remainder of the determination.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition challenging the violations of making a false statement, stealing state property and possessing stolen property; petition granted to that extent, such portions of the determination are annulled, respondents are directed to expunge all references thereto from petitioner's institutional record, and matter remit-

ted to respondents for a refund of $100 restitution charged against petitioner's account; and, as so modified, affirmed.