In the Matter of JESUS MARTINEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [779 NYS2d 824]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After observing that feces had been thrown into an inmate's cell and caused damage to a mattress during a time period when only petitioner was in the position from which the feces apparently were thrown, a correction officer charged petitioner in a misbehavior report with committing an unhygienic act and damaging state property. Petitioner was found guilty of these charges following a tier III disciplinary hearing. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Based upon our review of the record, we find that the

circumstantial evidence presented at the hearing provides sufficient support for respondent's determination (*see Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]). The correction officer who authored the misbehavior report testified that he observed no feces in the inmate's cell at approximately 6:30 A.M. on the morning in question, the feces were present when he examined the cell at approximately 9:15 A.M., the presence of feces on the outside of bars of the cell indicated that the feces had been thrown into the cell from the outside and petitioner, who was then serving as a food porter, was the only inmate present in the area outside the cell between 6:15 A.M. and 9:30 A.M. In addition, petitioner testified that the occupant of the cell in question had thrown feces at him on the previous evening and, in the misbehavior report, the correction officer reported that petitioner had stated that "if he is going to be thrown on by another inmate that he is going to throw back."

In his testimony, petitioner denied throwing the feces and disputed the statement reported by the correction officer. Also, the occupant of the affected cell testified that he, rather than petitioner, had thrown the feces from within the cell. Another inmate testified that he had observed petitioner at the relevant time and did not see petitioner throw any feces. These exculpatory testimonies raised issues of credibility that the Hearing Officer was free to resolve against petitioner (*see Matter of Carter v Goord, supra*; *Matter of Pope v Goord*, 307 AD2d 563 [2003]; *Matter of Baptiste v Goord*, 302 AD2d 820 [2003]; *Matter of Vasquez v Goord*, 301 AD2d 986 [2003]). Petitioner's remaining contentions that various procedural errors deprived him of a fair hearing have been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.