■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of the State of New York, et al., Respondents, v FRANK CUTTITA, Appellant. [784 NYS2d 725]—

Carpinello, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered December 10, 2003 in Sullivan County, which, inter alia, granted petitioners' application, in a proceeding pursuant to Executive Law § 63 (12), to enjoin respondent from operating certain businesses.

Following an administrative hearing, respondent was found to be operating an unlicensed adult care facility and an unlicensed family type home for adults in the Town of Liberty, Sullivan County (see Social Services Law § 460-b [1]; § 461-b [2]; see also Social Services Law § 2 [21], [22]; 18 NYCRR 485.2 [a], [f]). His failure to close these facilities prompted petitioners to commence this proceeding to enjoin their continued operation and to assess civil penalties. Supreme Court, among other relief, granted petitioners summary judgment pursuant to Executive Law § 63 (12), directed both facilities to remain closed and enjoined continued operation of any type of boarding facility unless respondent posts a $100,000 performance bond (1 Misc 3d 904[A], 2003 NY Slip Op 51506[U] [2003]). Respondent appeals.

The parties now agree that, with respect to the issues raised by respondent in his "cross petition," the matter should have been transferred to this Court in the first instance and therefore the standard by which we should review the "cross petition" is substantial evidence (see CPLR 7804 [g]; see e.g. Matter of Encarnacion v Goord, 8 AD3d 843 [2004], lv denied 3 NY3d 607 [2004]). Applying this standard to the record before us, we affirm. The crux of the allegations against respondent by the Department of Health, the agency responsible for licensing and supervising adult care facilities with five or more dependent adult residents, and the Office of Children and Family Services, the agency responsible for the licensing and supervising adult care facilities with four or fewer dependant adult residents (i.e., "family-type homes for adults") (see L 1997, ch 436) is that respondent was providing residential care and services to individuals who were unable to live independently. Respondent denies the allegations and claims that the evidence adduced at the hearing established that he was merely operating boarding houses and not adult care facilities. We disagree.

An adult care facility provides "temporary or long-term residential care and services" to adults who are "unable or substantially unable to live independently" (Social Services Law § 2 [21]). Here, the record reveals that, in addition to providing room and board to residents of the subject facilities, respondent assisted them in obtaining health and mental health services.

Specifically, he picked up medications for the residents, scheduled medical and mental health appointments, kept residents apprised of appointments and provided transportation to same.

There was also ample evidence that respondent managed the residents' money and that, prior to a February 2002 investigation into his facilities, controlled and dispensed medication. Moreover, it was also convincingly established that many residents at one facility and a few residents at the other facility were indeed dependent adults. These residents suffered from mental illnesses, mental retardation and/or developmental disabilities and were unable to live, or substantially incapable of living, independently (*see Matter of Bielecki v Perales*, 152 AD2d 568 [1989], *lv denied* 74 NY2d 616 [1989]). Given these facts, we conclude that there was indeed substantial evidence to support a finding that respondent operated unlicensed facilities in violation of the law.

To the extent that respondent claims that substantial evidence is lacking because there was never a judicial determination of incapacity under the Mental Hygiene Law or Surrogate's Court Procedure Act, we are unpersuaded. There is no statutory, regulatory or decisional authority for the proposition that the inability to live independently under Social Services Law § 2 (21) equates with incapacity requiring appointment of a guardian under Mental Hygiene Law § 81.02 (a) (2) or SCPA 1750. To the contrary, Social Services Law § 2 (21) dictates that it applies to "adults who, though not requiring continual medical or nursing care . . . , are by reason of physical or other limitations associated with age, physical or mental disabilities or other factors, unable or substantially unable to live independently." Here, the record contains substantial evidence that adults living in respondent's facilities met this criteria.

The parties' remaining contentions, including respondent's claim that Supreme Court had no basis to impose the performance bond (*see generally State of New York v Barone*, 74 NY2d 332 [1989]), have been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.