■ In the Matter of CHAUN VALENTINE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [801 NYS2d 99]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Lyon Mountain Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, was charged in a misbehavior report with refusing a direct order after he failed to clean a cow pen as instructed by the head farmer during a work program. Following a tier II disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Following an unsuccess-

ful administrative appeal, petitioner commenced this CPLR article 78 proceeding, which Supreme Court dismissed. Petitioner now appeals.*

The misbehavior report, together with the testimony of the head farmer and petitioner's admission that he refused to enter the cow pen, provide substantial evidence to support the determination of guilt (see Matter of Davis v Goord, 301 AD2d 1002, 1002 [2003], lv dismissed 100 NY2d 534 [2003]; Matter of Lunney v Goord, 290 AD2d 687, 688 [2002]). Petitioner's contention that his fear of the animals justified his noncompliance created a credibility issue for the Hearing Officer to resolve and, even if true, renders him no less guilty of refusing a direct order (see Matter of Tafari v McGinnis, 307 AD2d 502, 503 [2003]; Matter of Leake v Goord, 289 AD2d 752, 752 [2001], lv dismissed 98 NY2d 646 [2002]). Inasmuch as the Hearing Officer considered petitioner's testimony in imposing a penalty that was less than the maximum allowable (see 7 NYCRR 253.7 [a] [1]), we find no reason to disturb the determination.

Petitioner's remaining contentions have been examined and, to the extent preserved, found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Inasmuch as the petition raised a question of substantial evidence, Supreme Court should have transferred the proceeding to this Court in the first instance (see CPLR 7804 [g]). We will, nevertheless, treat the matter as properly transferred and consider it de novo (see Matter of Encarnacion v Goord, 8 AD3d 843, 844 [2004], lv denied 3 NY3d 607 [2004]).