■ In the Matter of TODD CHANEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 631]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged in a misbehavior report with violating various prison disciplinary rules stemming from his alleged sexual relationship and contact with another inmate. Following a tier III disciplinary hearing, petitioner was found guilty of committing a sexual act and engaging in physical contact with a fellow inmate. The determination of guilt was ultimately upheld on administrative appeal, resulting in this CPLR article 78 proceeding. We now confirm.

Preliminarily, we find that substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, the authenticated correspondence which explicitly detailed the sexual relationship and intimate contact between petitioner and the other inmate, and the hearing testimony, including the confidential testimony, which was considered in camera (*see Matter of Garcia v Selsky*, 15 AD3d 813, 814 [2005]). To the extent that petitioner argues that respondent's determination must be overturned because there were no actual witnesses to the incident in question, we note that circumstantial evidence can properly form the basis for a finding of guilt (*see Matter of Martinez v Goord*, 9 AD3d 716, 716-717 [2004]).

As for petitioner's claim that he was denied adequate employee assistance, insofar as he never raised this issue during the hearing, we deem the matter unpreserved (*see Matter of Lunney v Goord*, 290 AD2d 687, 688 [2002]). In any event, were we to consider this claim, we would reject it on the basis that there is simply no support for it in the record.

Nor are we persuaded that the disciplinary hearing was not conducted in a timely fashion in accordance with 7 NYCRR 251-5.1 (b). The record reveals that the hearing was originally commenced within the mandated period of time and was only adjourned beyond that time because petitioner had requested testimony from a witness who was not then available. In any event, the time requirements set forth in 7 NYCRR 251-5.1 (b) are directory, not mandatory, and there has been absolutely no showing by petitioner that he was prejudiced as a result of the

delay (*see Matter of Porter v Goord*, 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]).

Each of the remaining contentions set forth by petitioner has been carefully considered and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.