■ In the Matter of TAHPUACH PARKER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [668 NYS2d 754] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Franklin Correctional Facility in Franklin County, petitioner was found guilty of violating prison disciplinary rules that prohibit inmates from making threats, engaging in extortion and selling a controlled substance. The charges stemmed from an incident wherein petitioner sold marihuana to another inmate for $50 and, when that inmate

could not pay, petitioner threatened the inmate and doubled the price. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the underlying determination.

Initially, we reject petitioner's contention that the determination is not supported by substantial evidence. The detailed misbehavior report and the testimony of the correction officer who prepared it, together with the information provided by the confidential informant, were sufficiently relevant and probative to support the determination of petitioner's guilt even though some of the evidence was based upon hearsay (*see, Matter of Feliciano v Selsky*, 239 AD2d 799, 800; *Matter of Murphy v Selsky*, 239 AD2d 724, 725). Furthermore, the Hearing Officer was free to resolve conflicting testimony against petitioner (*see, Matter of Nelson v Selsky*, 239 AD2d 795, 796).

We also reject petitioner's contention that he was denied relevant documentary evidence inasmuch as the requested documents no longer existed (*see, Matter of Green v Coombe*, 234 AD2d 756, 757). To the extent that petitioner contends that he was denied his right to confront and cross-examine a drug investigator, we note that petitioner failed to request the witness and the Hearing Officer was under no obligation to present petitioner's case by calling such witness (*see, Matter of Hardy v Coombe*, 234 AD2d 830). Petitioner's remaining contentions are either unpreserved for our review or lacking in merit.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.