■ In the Matter of HECTOR MATOS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [699 NYS2d 780] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of two tier III hearings on misbehavior reports arising out of separate incidents, petitioner, a prison inmate, was found guilty of assault and fighting in each incident. At the conclusion of the first hearing, petitioner was also found guilty of the additional charge of failing to report an injury. Upon administrative appeal, the assault and fighting charges sustained in the first hearing were dismissed and the other findings of guilt in the two hearings were affirmed. Petitioner commenced this CPLR article 78 proceeding to review the determinations and Supreme Court transferred the proceeding to this Court.

Initially, we reject petitioner's claim of Hearing Officer bias. Although the same Hearing Officer presided over both hearings, the record demonstrates that he considered the proof in each hearing separately (*see, Matter of Smith v Senkowski*, 245 AD2d 909, *lv denied* 91 NY2d 813). Our review of the record discloses no evidence of bias affecting the outcome of either hearing (*see, Matter of Smith v Goord*, 250 AD2d 946, *lv denied* 92 NY2d 810).

After petitioner's administrative appeal, the only charge remaining from the first hearing is the failure to report an injury, and the evidence of petitioner's guilt, including his admission that he had wounds which he did not report, is overwhelming. The procedural errors identified by petitioner in connection with the first hearing appear to relate to the dismissed charges and there is no claim that the outcome with respect to the remaining charge would have been any different in the absence of the alleged errors concerning witnesses, documentary evidence and confidential information. In these circumstances, any error was harmless (*see generally, Matter of Moore v Goord*, 255 AD2d 640, *lv denied* 93 AD2d 802).

With regard to the second hearing, we reject petitioner's claim of inadequate employee assistance. Although petitioner's assistant provided him with incorrect documents, the Hearing Officer prudently addressed the mistake by providing petitioner with the correct documents and adjourning the hearing to give petitioner an opportunity to review them, thereby obviating any prejudice (*see, Matter of Foust v Selsky*, 260 AD2d 805, *lv denied* 93 NY2d 816). We also reject petitioner's claim that he was denied witnesses at the second hearing. The witness he requested refused to testify and he identified no other witness. His request for a list of all inmates in the building was properly denied for security reasons and the Hearing Officer advised petitioner that without a partial name or location, there was no basis to identify potential witnesses. The confidential information, which was sufficiently detailed to permit the Hearing Officer's independent assessment of reliability and credibility, together with the other evidence adduced at the second hearing, constitutes substantial evidence to support the determination of petitioner's guilt (*see, Matter of Batson v Doling*, 253 AD2d 962).

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.