■ In the Matter of SHAKA REYNOLDS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [704 NYS2d 389] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules against violent conduct, refusing a direct order and visibility obstruction, and a penalty was imposed. Of the various arguments raised by petitioner on review, only his challenge to the sufficiency of the evidence merits any extended discussion. In reaching the determination of guilt, the Hearing Officer relied upon the written misbehavior report and a video surveillance tape, the latter of which purportedly showed, *inter alia*, petitioner struggling with correction officers as they attempted to forcibly remove petitioner from his cell. As this tape is not part of the record on review (indeed, we have been advised that the tape no longer exists), our inquiry distills to whether the misbehavior report, standing alone, constitutes substantial evidence of petitioner's guilt.

In our view, the misbehavior report, which recites that petitioner obstructed his cell door and view window with his mattress and refused orders by a correction officer to remove the obstruction, is sufficient to sustain the charges of visibility obstruction and refusing a direct order. We reach a contrary conclusion, however, with respect to the charge of engaging in violent conduct. Although the misbehavior report reflects that

petitioner was "forcibly" removed from his cell, there is nothing in the report to indicate that petitioner struggled with or struck correction officers during such extraction. Under these circumstances, the finding that petitioner engaged in violent conduct cannot be sustained, and this matter must be remitted to respondents for a redetermination of penalty.

As to petitioner's claim that he was denied a fair hearing because the presiding Hearing Officer had investigated the incident in question, we find this argument to be lacking in merit. The record reflects that the Hearing Officer's involvement in this matter was, at best, tangential and that he was not aware of the particulars of the underlying incident prior to the start of the hearing (*see, Matter of Watson v Morse*, 260 AD2d 772; *Matter of Grant v Coombe*, 255 AD2d 996). Petitioner's remaining contentions have been examined and found to be equally unpersuasive.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of engaging in violent conduct; petition granted to said extent and determination of guilt as to said charge annulled, respondents are directed to expunge from petitioner's institutional records all references thereto and matter remitted to respondents for an administrative redetermination of the penalty imposed upon the remaining sustained charges; and, as so modified, confirmed.