■ In the Matter of JAMES BLACKWELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [772 NYS2d 761]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, challenges two disciplinary determinations stemming from separate and unrelated incidents occurring in February 2002 and June 2002. In the first incident, petitioner was charged in a misbehavior report with lewd exposure after he was observed masturbating in the facility's visiting room. Following a tier III disciplinary hearing, petitioner was found guilty of the foregoing charge and a penalty was imposed. In the second incident, petitioner was charged with creating a disturbance and refusing a direct order for shouting to a fellow inmate after he, and all other inmates then present in the facility's commissary, were told to lower their voices. Following a tier II disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. Petitioner's subsequent administrative appeals proved unsuccessful, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the underlying determinations of guilt.

With regard to the determination finding petitioner guilty of lewd exposure, petitioner now raises a number of procedural challenges, including his assertion that he was denied effective employee assistance and the right to call witnesses and present documentary evidence on his behalf. As to the employee assistance claim, a review of the record reveals that the assistant assigned to petitioner initially failed to comply with petitioner's request to interview various witnesses and, accordingly, the Hearing Officer adjourned the hearing until such interviews had been completed. The hearing then resumed, at which point the results of the interviews were read into the record, and petitioner was advised as to which witnesses were willing to testify and, with regard to those who refused to appear, the reasons underlying such refusals. The Hearing Officer then

stated, "so your assistance is now complete?", to which petitioner replied, "yes it is." Thus, the Hearing Officer remedied whatever defects existed in the prehearing assistance, and petitioner has failed to demonstrate that any prejudice resulted therefrom (see Matter of Mitchell v Goord, 266 AD2d 614, 615 [1999]).

As for petitioner's assertions that he was denied the right to call witnesses and present documentary evidence and that the Hearing Officer failed to interview those inmate witnesses who refused to testify, we need note only that by failing to raise appropriate objections at the hearing, petitioner waived his claims of error in this regard (see Matter of Kross v Goord, 278 AD2d 637 [2000]; Matter of Victor v Goord, 253 AD2d 971 [1998]). Were we to reach these issues, we would find them to be lacking in merit. A review of the hearing transcript reveals that petitioner was asked, more than once, whether he had any additional witnesses or documents to present, to which he replied in the negative. Also, petitioner was advised as to the reasons why the requested inmate witnesses refused to testify, and petitioner neither objected to the written refusals nor requested the Hearing Officer to make any further inquiry in this regard. Petitioner's remaining arguments with regard to this determination of guilt have been examined and found to be lacking in merit.

Turning to the determination finding petitioner guilty of creating a disturbance and refusing a direct order, we reject petitioner's claim that the relevant misbehavior report was not sufficiently detailed to provide him with adequate notice of the charges against him and/or constitute substantial evidence of his guilt. Petitioner raised no objection in this regard at the disciplinary hearing (see Matter of Borcsok v Selsky, 296 AD2d 678, 679 [2002], lv denied 98 NY2d 616 [2002]); indeed, when asked if he understood why he was there, petitioner responded in the affirmative. Additionally, even a cursory review of the misbehavior report reveals that it disclosed the relevant details with sufficient particularity to enable petitioner to prepare a defense (see Matter of Quintana v Selsky, 268 AD2d 624, 625 [2000]). Such report, coupled with petitioner's own testimony, constitutes substantial evidence of petitioner's guilt. Accordingly, the determinations under review are confirmed.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.