■■ In the Matter of MICHAEL McCloud, Petitioner, v GARY AMELL, as Deputy Superintendent of Security of Altona Correctional Facility, Respondent. [779 NYS2d 839]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner's cell was being packed up for transfer, correction officers discovered a scrabble board that bore a different inmate's identification number and had styrofoam backing attached to it. As a result, petitioner was charged in a misbehavior report with engaging in an unauthorized exchange of property, possessing stolen property and possessing an altered item. He was found guilty of these charges following a tier II disciplinary hearing, which determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, there is substantial evidence in the record to support the determination of guilt. Petitioner admitted that the scrabble board did not belong to him and it is undisputed that it was altered with styrofoam and was found in his cell. Although petitioner speculated that a correction officer may have been playing with it and inadvertently left it in his cell, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of McAllister v Goord*, 6 AD3d 829, 830 [2004]; *Matter of Perez v Goord*, 6 AD3d 774, 775 [2004]). More-

over, the record does not reveal that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Brown v Selsky*, 5 AD3d 905, 907 [2004]; *Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]). Nor does it indicate that petitioner was improperly denied relevant documentary evidence as he did not specifically request production of the property tags or the "I-64" form at the hearing (*see Matter of Deleon v Goord*, 291 AD2d 607, 609 [2002], *lv denied* 98 NY2d 610 [2002]). Petitioner's remaining contentions, to the extent that they have been preserved for our review, are unavailing.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.