In the Matter of DIONISIO SOMERVILLE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [784 NYS2d 263]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting drug use after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of this charge following a tier III disciplinary hearing, and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner initially asserts that the test results were inaccurate because the testing procedures set forth in 7 NYCRR 1020.4 (e) were not properly followed. We find this argument to be without merit. The correction officer who tested petitioner's urine specimen testified at length concerning the chain of custody of the sample and the steps followed in processing the sample through the urinalysis apparatus. He indicated that the sample tray number on the daily worksheet was unrelated to the entries for the sample results, thereby defeating petitioner's claim that his test results were those of a different inmate. Moreover, the officer further testified that the urinalysis apparatus was recalibrated on a daily basis, thus establishing that the testing of petitioner's specimen on different dates complied with 7 NYCRR 1020.4 (e) (1) (iv). Therefore, we find that the test results were reliable and, together with the misbehavior report and testimony of the testing officer, provided substantial evidence supporting the determination of guilt (*see Matter of*

*Mitchell v Selsky*, 252 AD2d 639, 639-640 [1998]). Petitioner also contends that he was improperly denied the right to call witnesses to substantiate his defense of retaliation. Inasmuch as petitioner did not object to the denial of his request at the disciplinary hearing, he waived his claims of error in this regard (*see Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]).

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.