■ In the Matter of DAMON WHEELER, Petitioner, v COMMISSIONER OF NEW YORK STATE CORRECTIONAL SERVICES et al., Respondents. [792 NYS2d 195]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated September 16, 2003, which confirmed a determination of a hearing officer dated July 31, 2003, made after a Tier III disciplinary hearing, finding the petitioner guilty of violating two prison disciplinary rules, and imposing a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

In reviewing a prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law, the only question that may be raised in a proceeding pursuant to CPLR article 78 transferred to this Court is whether the determination was supported by substantial evidence (see CPLR 7803 [4]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]; Matter of Ramsey v Phillips, 11 AD3d 470 [2004]). Contrary to the petitioner's contentions, the hearing testimony, the inmate misbehavior report, and his own admission that he refused to leave his cell when ordered to do so, constitute substantial evidence that he was guilty of the charges against him (see Matter of Gilzene v McGinnis, 300 AD2d 658, 659 [2002]; Matter of Ramos v Goord, 286 AD2d 392 [2001]; Matter of Riley v Goord, 278 AD2d 327, 328 [2000]).

Furthermore, contrary to the petitioner's contention, the hearing officer was not directly involved in the underlying incident and his involvement in the investigation of it was, at

most, tangential (*see* 7 NYCRR 254.1; *Matter of Vidal v Goord,* 273 AD2d 535 [2000]; *Matter of Reynolds v Selsky,* 270 AD2d 743, 744 [2000]; *Matter of Kennedy v Coughlin,* 172 AD2d 666, 667 [1991]).

The petitioner's remaining contentions cannot be raised in this proceeding to review the determination of the Commissioner of the New York State Department of Correctional Services. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.