■ In the Matter of ANTHONY BARBER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [802 NYS2d 638]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officers recovered a container of floor stripper, a volume control piece from a headset and some medications. As a result, he was charged in a misbehavior report with the unauthorized possession of medication, possession of contraband and possession of flammable materials. At the subsequent tier III disciplinary hearing, he pleaded guilty with explanation to possession of flammable materials and not guilty to possession of contraband. He communicated uncertainty as to how he wished to plead to the charge of unauthorized possession of medication. He was ultimately found guilty of all charges and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we note that by pleading guilty with explanation to possession of flammable materials, petitioner is precluded from challenging the evidentiary basis underlying that part of the determination finding him guilty of this charge (*see Matter of Scott v New York State Dept. of Corrections*, 18 AD3d 925 [2005]; *Matter of Nelson v Goord*, 10 AD3d 773, 774 [2004]). As for the remaining charges, petitioner admitted that he had a volume control piece he had taken from a headset he used while confined in the special housing unit and possessed medications that were not his but were in his locker when he began occupying his cell. His testimony, together with the misbehavior report and the testimony of the officer who authored it, constitute substantial evidence supporting the determination of guilt (*see Matter of Scott v New York State Dept. of Corrections, supra* at 925; *Matter of Wheeler v Commissioner of N.Y. State Correctional Servs.*, 17 AD3d 378, 378 [2005]). Contrary to petitioner's claim, we do not find that he was improperly denied his right to call witnesses as the testimony of the correction officers at issue would have been redundant or irrelevant to the charges (*see Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]; *Matter of Madison v Selsky*, 2 AD3d 934 [2003]). Petitioner's remaining contentions are not preserved for our review.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.