In the Matter of CHRISTOPHER VASSELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 737]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assaulting another inmate, engaging in violent conduct, refusing a direct order, possessing a weapon and smuggling. The charges arose after petitioner slashed another inmate with a razor blade, ignored orders to stop running from the scene, threw the weapon into a cell and told the inmate in that cell to flush the weapon down the toilet. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, the testimony of the authoring correction officer and the documentary evidence presented at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Seymour v Goord,* 24 AD3d 831, 832 [2005]; *Matter of Key v Goord,* 19 AD3d 849, 849 [2005]). The victim's testimony that petitioner did not assault him and that he sustained injuries after an unrelated fall was in

direct conflict with that of the correction officer who observed petitioner "as clear as day" cut the victim and, thus, raised a credibility issue for the hearing officer to resolve (*see Matter of Callender v Selsky,* 9 AD3d 703, 703 [2004]; *Matter of Dowdy v Goord,* 2 AD3d 1249, 1250 [2003]). Petitioner's claim that the hearing officer erred by failing to consider the medical report portion of the unusual incident reports to determine the source of the victim's injury is unavailing, as the report supports the determination by reflecting the size of the laceration and that, following the slashing, 12 stitches were required to close the victim's wound.

We also reject petitioner's claim that his employee assistant was inadequate. Although the employee assistant was unable to provide petitioner with the videotape of the incident and unusual incident report, the hearing officer obtained these items and allowed petitioner to review them during the hearing. In addition, the hearing officer located the inmate in the cell in which the weapon was thrown, who testified in petitioner's favor, thereby curing any alleged deficiencies in the assistant's inability to procure him (*see Matter of Matos v Goord,* 267 AD2d 730, 731 [1999]).

Finally, given petitioner's numerous requests for extensions, we conclude that the hearing was not untimely (*see* 7 NYCRR 251-5.1 [b]). We have examined petitioner's remaining contentions, including his claim of hearing officer bias, and, to the extent that they are preserved, find them to be without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.