■ In the Matter of WATEEK FOLK, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [814 NYS2d 811]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 24, 2004 in Albany County, which, inter alia, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While in the infirmary, petitioner repeatedly refused orders by correction officers to surrender his cigarette lighter before returning to the dormitory area. Instead, he proceeded to walk toward this area until the door was locked and his entry was prevented. As a result of this incident, he was charged in a misbehavior report with refusing a direct order, violating facility movement regulations and possessing authorized articles in an unauthorized area. Petitioner was found guilty of all charges following a tier III disciplinary hearing. The determination was upheld on administrative appeal, although the penalty was modified. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court annulled that portion of the determination finding petitioner guilty of possessing an authorized item in an unauthorized area and otherwise confirmed and dismissed the petition. Respondents thereafter expunged said finding of guilt from petitioner's institutional record in accordance with the court's decision.

Inasmuch as that part of the determination finding petitioner guilty of possessing an authorized item in an unauthorized area has, in fact, been administratively reversed and expunged from petitioner's institutional record, it is unnecessary to address petitioner's arguments in that regard. Turning to his remaining claims, we find no merit to petitioner's assertion that a meaningful effort was not made to locate an inmate witness he sought to have testify at the hearing. The record discloses that petitioner was unable to accurately identify this inmate and that the hearing officer was also unable to do so even though he adjourned the hearing and contacted the infirmary to attempt to ascertain the individual's identity. Insofar as the hearing officer took reasonable steps to locate the witness, petition-

er's due process rights were not violated (*see e.g. Matter of Vizcaino v Selsky*, 26 AD3d 574, 575 [2006]). Finally, despite petitioner's claim, there is nothing to indicate that the hearing officer was biased or that the determination flowed from any alleged bias (*see Matter of Quezada v Goord*, 19 AD3d 964, 965 [2005]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.