■ In the Matter of RAMAL ABDULLAH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 505]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the processing of petitioner's personal property after his transfer between correctional facilities, a correction officer found a glass shank, a metal shank and a metal rod taped to the inside of petitioner's radio. Petitioner thereafter lunged at the officer in an aggressive manner and had to be physically restrained. As a result, a misbehavior report was issued and, following a tier III disciplinary hearing, petitioner was found guilty of assaulting staff, possessing weapons, possessing an altered item and refusing a direct order. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author and other correction officers, provide substantial evidence to support the determination of guilt (*see Matter of Griffith v Selsky*, 32 AD3d 595, 596 [2006]; *Matter of Kalwasinski v Goord*, 31 AD3d 1081, 1082 [2006]). To the extent that petitioner's testimony conflicted with that of the officers, it presented a credibility issue for the Hearing Officer to resolve (*see Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]; *Matter of McCloud v Amell*, 9 AD3d 724, 724 [2004], *lv denied* 3 NY3d 610 [2004]). Upon review of the record, we find no merit to petitioner's claim that the Hearing Officer was biased or had predetermined his guilt, nor is there any basis to conclude that the determination flowed from such alleged bias (*see Matter of Folk v Goord*, 29 AD3d 1182, 1183 [2006]; *Matter of Amaker v Senkowski*, 278 AD2d 622 [2000], *lv denied* 96 NY2d 707 [2001]). As for petitioner's challenge to the timeliness of the hearing, we note that the time requirement of 7 NYCRR 251-5.1 (b) is directory, not mandatory, and petitioner has failed to demonstrate any prejudice he suffered as a result of the brief delay (*see Matter of Chaney v Goord*, 26 AD3d 605, 606-607 [2006]; *Matter of Porter v Goord*, 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]). Similarly, petitioner has demonstrated no prejudice resulting from any allegedly inadequate employee assistance he received (*see Matter of Smith v Goord*, 307 AD2d 564, 565 [2003]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.