■ In the Matter of ORPHEUS NELSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [829 NYS2d 270]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine specimen twice tested positive for the presence of opiates. Contrary to petitioner's contention, his unsupported and speculative allegations that he was improperly targeted for testing and the information in the testing reports was either falsified or inaccurate presented credibility issues for the Hearing Officer to resolve (see Matter of Harris v Fletcher, 30 AD3d 948 [2006]; Matter of Jamison v Goord, 8 AD3d 860 [2004]). Having given those determinations the deference they are due, we conclude that the misbehavior report and the positive urinalysis test results provide substantial evidence to support the determination of guilt.

Petitioner also claims that he was improperly denied his right to call a witness. He signed a withdrawal of the witness request, however, thereby waiving any claim of error in this regard (see

*Matter of Somerville v Goord*, 12 AD3d 823, 824 [2004]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]). In any event, the testimony sought was collateral and irrelevant to the charge (*see Matter of Barber v Selsky*, 23 AD3d 731, 732 [2005]; *Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]; *Matter of Madison v Selsky*, 2 AD3d 934 [2003]). We have reviewed petitioner's remaining contentions and find them to be equally unavailing.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.