■ In the Matter of AARON CALLENDER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [837 NYS2d 793]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possession of contraband, smuggling and violation of facility visitation rules after he was depicted on videotape and observed by a correction officer in the special housing unit visitation room attempting to place something in his rectum. After X rays revealed at least three foreign objects in his rectum, petitioner was placed on a contraband watch for several days and eventually turned over a razor blade in a cardboard sheath, matches and a match striker, a bag of tobacco and a green leafy substance in a latex glove finger, which was tested and determined to be marihuana. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was upheld upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and other documentary evidence, hearing testimony, drug test results, X rays and videotape provide substantial evidence to support the determi-

nation (*see Matter of Case v Goord*, 34 AD3d 1065 [2006]; *Matter of Serrano v Goord*, 266 AD2d 661, 661 [1999], *lv denied* 94 NY2d 762 [2000]). Petitioner's denial of the charges raised a credibility issue for the Hearing Officer to resolve (*see Matter of Vassell v Goord*, 26 AD3d 547, 547-548 [2006]; *Matter of Callender v Selsky*, 9 AD3d 703 [2004]).

Regarding petitioner's claim that he was denied the right to call certain witness, we find that reasonable efforts were made to locate the inmate witness who petitioner sought, but he could not be identified based on the information that petitioner provided (*see Matter of Rodriguez v Coombe*, 239 AD2d 854, 854-855 [1997], *lv dismissed* 91 NY2d 907 [1998]; *Matter of Gonzalez v Mann*, 186 AD2d 876, 877 [1992]; *Matter of S. v Coughlin*, 172 AD2d 937, 937-938 [1991], *lv denied* 78 NY2d 855 [1991]). Further, although petitioner mentioned in passing at the hearing that he would seek the testimony of a certain correction officer, he did not mention the officer again when he requested other witnesses. In any event, the testimony sought from the officer involved collateral matters which were not relevant to the disciplinary determination at issue (*see Matter of Nelson v Goord*, 37 AD3d 889, 890 [2007]; *Matter of Barber v Selsky*, 23 AD3d 731, 732 [2005]). We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.