■ In the Matter of PAUL DAVILA, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [850 NYS2d 705]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr.,

J.), entered November 15, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule prohibiting the possession of weapons. Finding no merit to petitioner's procedural claims, Supreme Court dismissed the petition, prompting this appeal.

Petitioner first claims that he was denied adequate employee assistance because his assistant made no effort to locate and interview certain witnesses. However, petitioner was unable to provide any information to help identify specific witnesses, and instead requested that every inmate on his housing company be interviewed. The Hearing Officer adjourned the hearing and attempted to locate a "go-around" sheet that could have identified inmates who witnessed the incident, but discovered that such sheet was missing from the facility's records. Under these circumstances, we find that reasonable efforts were made to locate petitioner's witnesses (*see Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]; *Matter of Folk v Goord*, 29 AD3d 1182 [2006]). Moreover, the Hearing Officer's efforts remedied any prehearing deficiencies in the employee assistance (*see Matter of Blackwell v Goord*, 5 AD3d 883 [2004], *lv denied* 2 NY3d 708 [2004]).

Finally, inasmuch as petitioner failed to object at the hearing to the alleged denial of his right to call his correction counselor as a witness, such claim is unpreserved for our review (*see Matter of Carter v Goord*, 45 AD3d 1077, 1078 [2007]; *Matter of Newsome v Selsky*, 26 AD3d 565, 566 [2006]). Petitioner's remaining contentions, to the extent preserved, have been reviewed and determined to be without merit.

Mercure, J.P., Carpinello, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.