■ In the Matter of JACOB RUSSELL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [857 NYS2d 288]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with committing an unhygienic act—namely, spitting in a water cooler from which correction officers obtained their drinking water. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty of five months in the special housing unit and a corresponding loss of privileges was imposed. That determination was affirmed upon administrative review, prompting petitioner to commence this proceeding pursuant to CPLR article 78.

We confirm. The misbehavior report, together with the testimony of the correction officers who witnessed the incident, provide substantial evidence of petitioner's guilt (*see Matter of Johnson v Goord,* 40 AD3d 1335, 1336 [2007]). Petitioner's denial of the incident, and the testimony of a fellow inmate as to petitioner's whereabouts at the time, presented a credibility

issue for the Hearing Officer to resolve (*see Matter of Parker v Goord*, 247 AD2d 694, 695 [1998]).

Nor are we persuaded that petitioner was denied the right to present relevant evidence. Petitioner sought the testimony of a particular correction officer to establish that he was not keeplocked at the time indicated on the misbehavior report, thus, in petitioner's view, casting doubt upon the overall veracity of the report. The Hearing Officer denied the request, noting that whether petitioner was confined following the incident and/or what time that occurred was irrelevant to whether he committed an unhygienic act. Petitioner raised no objection in this regard, nor did he subsequently renew his request for this witness. Under such circumstances, petitioner has failed to preserve this issue for our review (*see Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]).

Petitioner also sought the production of the "go around" lists for his company, which, he contends, would have shown that he was not present in D block at the time of the incident and, hence, could not have committed the unhygienic act alleged. The record reflects, however, that such lists are maintained for only 72 hours and, therefore, by the time the hearing commenced—five days after the misbehavior report was written— the lists no longer existed. As there is no indication that the requested records were destroyed in bad faith (*see Matter of Morgan v Goord*, 10 AD3d 792, 793 [2004]), the Hearing Officer cannot be faulted for failing to produce documents that did not exist (*see Matter of Ciotoli v Goord*, 256 AD2d 1192, 1193 [1998]; *Matter of Parker v Goord*, 247 AD2d at 695).

Finally, petitioner asserts that he was denied adequate employee assistance. Although petitioner indeed raised this point at the start of the disciplinary hearing, the hearing was adjourned to respond to petitioner's various requests and, ultimately, petitioner indicated that he was satisfied with the assistance provided (*see Matter of Blackwell v Goord*, 5 AD3d at 884-885). Moreover, based upon our review of the record as a whole, we find no merit to petitioner's claim that he was prejudiced by any alleged deficiencies that may have existed (*see Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]; *Matter of Miller v Goord*, 1 AD3d 647, 648-649 [2003]). Accordingly, the underlying determination is confirmed.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.