■ In the Matter of SAMUEL DAVIS, Petitioner, v BRIAN FIS-CHER, as Commissioner of Correctional Services, et al., Respondents. [883 NYS2d 604]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer discovered two large stones in a net bag belonging to petitioner. When petitioner failed to provide the officer with an explanation for his possession of the stones, he was charged in a misbehavior report with possessing a weapon, possessing contraband and possessing an unauthorized item. The following day, another correction officer found a number of items in petitioner's cell, including a white sock with a rock inside, an orange T-shirt and a hot pot. Petitioner was charged in a second misbehavior report with the same disciplinary rule violations. Separate tier III disciplinary hearings were thereafter held with respect to the charges contained in each misbehavior report. Petitioner was found guilty of all of the charges contained in the first report. On administrative appeal, the charge of possessing a weapon was dismissed while the other charges were upheld. Petitioner was found guilty of all of the charges contained in the second misbehavior report and this de-

termination was upheld in its entirety on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Petitioner's plea of guilty with explanation to the charges of possessing contraband and possessing an unauthorized item as contained in the first misbehavior report precludes him from challenging the determination of guilt with respect to these charges (*see Matter of Ramirez v Goord*, 32 AD3d 601, 601 [2006]; *Matter of Barber v Selsky*, 23 AD3d 731, 732 [2005]). Moreover, inasmuch as the weapons charge contained in the first misbehavior report was dismissed on administrative appeal, his claims pertaining to it are moot (*see Matter of Polite v Goord*, 49 AD3d 944 [2008]). As for the charges contained in the second misbehavior report, the report itself, together with petitioner's admission to possessing the items in question, constitute substantial evidence supporting the determination of guilt (*see Matter of Smith v Fischer*, 60 AD3d 1230 [2009]; *Matter of Rivera v McGinnis*, 290 AD2d 800, 800 [2002], *lv denied* 98 NY2d 601 [2002]). Contrary to petitioner's claim, our review of the transcripts of the disciplinary hearings indicates that, despite numerous inaudible gaps, meaningful review is not precluded (*see Matter of Berry v Goord*, 42 AD3d 614, 615 [2007]; *Matter of McKinley v Goord*, 40 AD3d 1280, 1280 [2007], *lv denied* 9 NY3d 807 [2007]). Likewise, upon reviewing these transcripts, there is no indication that the Hearing Officers were biased or that the determinations at issue flowed from any alleged bias (*see Matter of Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]; *Matter of Vigliotti v Bell*, 52 AD3d 1064 [2008]). Petitioner's remaining contentions have been considered and, to the extent they were preserved, are lacking in merit.

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.