■ In the Matter of JAMES PETTUS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [902 NYS2d 690]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered September 25, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner sent a letter to a correction officer at the facility where he was housed accusing the officer of, among other things, being a white supremacist. The officer had previously instructed petitioner not to send him letters of this nature. As a result, petitioner was charged in a misbehavior report with harassment and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following service of respondents' answer, Supreme Court dismissed the petition, resulting in this appeal.*

We affirm. The misbehavior report, the letter and the testimony of the correction officer to whom it was addressed, and petitioner's admission to sending the letter provide substantial evidence supporting the determination of guilt (see Matter of Moore v Fischer, 63 AD3d 1401, 1401 [2009]; Matter of Reid v Selsky, 43 AD3d 1258, 1258 [2007]). While petitioner maintained that the letter was authorized legal mail related to a lawsuit that he had brought against the officer, the letter belies this characterization. In any event, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Harvey v Goord, 47 AD3d 1096, 1096-1097 [2008], appeal dis-

---

* Although the petition raised a question of substantial evidence and the proceeding should have been transferred, we shall consider the issue de novo and render judgment accordingly (see Matter of Parkinson v Selsky, 45 AD3d 1079, 1080 [2007]).

*missed* 10 NY3d 855 [2008]). Furthermore, there is no merit to petitioner's claim that the violations should not have been categorized as tier III infractions given that the pertinent regulations authorize that designation (*see* 7 NYCRR 270.2 [B] [7] [i]; [8] [ii]).

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.