*1145 Appeal from a judgment of the Supreme Court (Donohue, J.), entered July 27, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, a prison inmate, was served with a misbehavior report charging him with making threats, harassment and stalking based upon two letters he allegedly wrote to a female facility employee. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.
Initially, we find that Supreme Court erred in dismissing the petition for failure to state a cause of action.* Furthermore, inasmuch as the petition raised a question of substantial evidence, we will retain jurisdiction and render judgment accordingly (see CPLR 7804 [g]; Matter of Pettus v New York State Dept, of Correctional Servs., 73 AD3d 1411, 1411 [2010]).
Turning to the merits of the petition, the misbehavior report, the testimony of the employee who received the letters, copies of the letters and petitioner’s admission that he was the author provide substantial evidence to support the determination of guilt (see Matter of Pettus v New York State Dept, of Correctional Servs., 73 AD3d at 1411; Matter of Cornwall v Fischer, 73 AD3d 1367 [2010]). Furthermore, there is no merit to petitioner’s argument that the Hearing Officer improperly denied a requested witness. The record demonstrates, rather, that the hearing was adjourned twice in an attempt to find the civilian witness, but the Inspector General was unable to locate him at either address provided by petitioner. We find that reasonable efforts were made to locate petitioner’s witness and, thus, his due process rights were not violated (see Matter of Davila v Selsky, 48 AD3d 846, 847 [2008]; Matter of Folk v Goord, 29 AD3d 1182, 1182-1183 [2006]).
We have examined petitioner’s remaining claims and find them to be without merit.
Cardona, P.J., Peters, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner here sought to challenge the determination against him as being arbitrary and capricious. Giving the petition a liberal construction, as we are required to do (see Murray v Reif, 36 AD3d 1167, 1168 [2007]; Henness v Hunt, 272 AD2d 756, 756 [2000]), we find that petitioner, albeit inartfully, raised a question of substantial evidence.