■ In the Matter of JOHN HOGAN, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [935 NYS2d 769]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey orders]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [failure to follow directions relating to movement within the facility]). Petitioner contends that he had a valid excuse for refusing to obey an order to move to a new cell and thus that his violation of those rules was justified. We reject that contention. "[A]lthough petitioner claims that he did not leave [his] cell because he feared for his safety, inmates are not free to choose which orders to obey and which to ignore" (*Matter of Farid v Coombe*, 236 AD2d 660 [1997]). " 'Any holding to the contrary would simply encourage inmates to break rules as a means of addressing their grievances and invite chaos' " (*Matter of Rivera v Smith*, 63 NY2d 501, 515-516 [1984]).

Contrary to petitioner's further contention, his "conditional right to call witnesses was not violated because the witnesses who were not called would have provided redundant testimony" (*Matter of Robinson v Herbert*, 269 AD2d 807 [2000]). In addition, petitioner's contention that the Hearing Officer improperly denied his request for documentary evidence is without merit because "the documentary evidence sought by petitioner . . . was not in dispute" (*Matter of Davis v Goord*, 46 AD3d 955, 956 [2007], *lv dismissed* 10 NY3d 821 [2008]), and did "not include any information exonerating petitioner of his guilt" (*Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]).

Also contrary to petitioner's contention, "[t]he Hearing Officer obtained valid extensions and the hearing was completed within the extended time period" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [2011]). Petitioner's contention that Supreme Court should have granted his motion for recusal because the court was biased against him similarly lacks merit. " 'Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion' " (*People v Williams*, 66 AD3d 1440, 1441 [2009], *lv dismissed* 13 NY3d 911 [2009], quoting *People v Moreno*, 70 NY2d 403, 405-406 [1987]). We perceive no abuse of discretion here.

We have reviewed petitioner's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Lindley, Green and Martoche, JJ.