■ In the Matter of HERBERT FARRINGTON, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [50 NYS3d 237]—

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered October 27, 2015 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. We reject petitioner's contention that he was denied his right to effective employee assistance. Specifically, petitioner faults his employee assistant for failing to provide him with a "recreation go around" list that could have helped to identify some of the other inmates in the recreation yard at the time of the incident. The record establishes, however, that such lists are maintained for only two weeks, and petitioner did not request the list until long after it was destroyed. Thus, "[t]he employee assistant 'cannot be faulted for . . . failing to provide petitioner with documentary evidence that did not exist' " (*Matter of Green v Sticht*, 124 AD3d 1338, 1338 [2015], *lv denied* 26 NY3d 906 [2015]; *see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]). Moreover, the record establishes that "petitioner received all the relevant and available documents to which he was entitled" (*Matter of McGowan v Goord*, 282 AD2d 848, 849 [2001]). With respect to petitioner's contention that the employee assistant failed to investigate potential witnesses, we conclude that petitioner failed to provide the assistant with any "information to help identify specific witnesses" (*Matter of Davila v Selsky*, 48 AD3d 846, 847 [2008]), and the assistant otherwise contacted the six witnesses who were identified by petitioner. Thus, because the documents sought by petitioner no longer existed, the assistant contacted all the witnesses actually identified by petitioner, and the record fails to establish any other deficiencies of the assistant, we conclude that the record does not establish that petitioner was denied his right to effective employee assistance (*see generally Matter of Hazel v Coombe*, 239 AD2d 736, 737 [1997]).

Contrary to petitioner's further contention, his " 'conditional right to call witnesses was not violated because the witnesses who were not called would have provided redundant testimony' " (*Matter of Hogan v Fischer*, 90 AD3d 1544, 1545 [2011], *lv denied* 19 NY3d 801 [2012]). Present—Whalen, P.J., Lindley, NeMoyer, Curran and Troutman, JJ.