# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

430

CA 15-02042

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF HERBERT FARRINGTON,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered October 27, 2015 in a CPLR article
78 proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a tier III hearing, that
he violated various inmate rules. We reject petitioner's contention
that he was denied his right to effective employee assistance.
Specifically, petitioner faults his employee assistant for failing to
provide him with a "recreation go around" list that could have helped
to identify some of the other inmates in the recreation yard at the
time of the incident. The record establishes, however, that such
lists are maintained for only two weeks, and petitioner did not
request the list until long after it was destroyed. Thus, "[t]he
employee assistant 'cannot be faulted for . . . failing to provide
petitioner with documentary evidence that did not exist' " (*Matter of
Green v Sticht*, 124 AD3d 1338, 1338, *lv denied* 26 NY3d 906; *see Matter
of Russell v Selsky*, 50 AD3d 1412, 1413). Moreover, the record
establishes that "petitioner received all the relevant and available
documents to which he was entitled" (*Matter of McGowan v Goord*, 282
AD2d 848, 849). With respect to petitioner's contention that the
employee assistant failed to investigate potential witnesses, we
conclude that petitioner failed to provide the assistant with any
"information to help identify specific witnesses" (*Matter of Davila v
Selsky*, 48 AD3d 846, 847), and the assistant otherwise contacted the
six witnesses who were identified by petitioner. Thus, because the

documents sought by petitioner no longer existed, the assistant contacted all the witnesses actually identified by petitioner, and the record fails to establish any other deficiencies of the assistant, we conclude that the record does not establish that petitioner was denied his right to effective employee assistance (*see generally Matter of Hazel v Coombe*, 239 AD2d 736, 737).

Contrary to petitioner's further contention, his " 'conditional right to call witnesses was not violated because the witnesses who were not called would have provided redundant testimony' " (*Matter of Hogan v Fischer*, 90 AD3d 1544, 1545, *lv denied* 19 NY3d 801).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court