Matter of Ballard v Annucci (2019 NY Slip Op 01694)





Matter of Ballard v Annucci


2019 NY Slip Op 01694


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526470

[*1]In the Matter of DARNELL BALLARD, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ.


Darnell Ballard, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A search of petitioner's cell in the special housing unit (hereinafter SHU) disclosed four balloons containing a green leafy substance that were hidden inside a tear in the seam of a pillow. After testing, the substance was determined to be synthetic marihuana and petitioner was charged in a misbehavior report with possessing drugs, possessing contraband, damage to state property and smuggling. Following a tier III disciplinary hearing, petitioner was found not guilty of smuggling and guilty of the remaining charges. The penalty imposed was subsequently modified, and the modified determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, authored by the correction officer who tested the substance and endorsed by the officer who conducted the cell search (see 7 NYCRR 251-3.1 [b]), the related documentation and the hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Grate v Annucci, 152 AD3d 1127, 1127 [2017]; Matter of Gainey v Annucci, 148 AD3d 1398, 1399 [2017]). The correction officer who conducted the search testified that the balloons fell out of petitioner's pillow. Although petitioner informed the Hearing Officer at the conclusion of the hearing that he had a cell frisk/contraband receipt form signed by that officer indicating that no contraband was found that day, he did not raise the issue during the officer's testimony or offer the form as evidence at the hearing. Petitioner's unsupported claim in this regard raised a credibility issue for the Hearing Officer to resolve (see Matter of Nelson v Goord, 37 AD3d 889, 889 [2007]; Matter of Brown v Senkowski, 290 AD2d 906, 907 [2002]). Inasmuch as petitioner had the opportunity to submit the form into evidence at the hearing but did not, our consideration of the form on appeal is precluded, notwithstanding the [*2]fact that he included a copy of the form with his administrative appeal (see generally Matter of Miller v Venettozzi, 149 AD3d 1451, 1452 [2017]).
Turning to petitioner's procedural claims, we reject his contention that he was improperly denied a witness and the SHU logbook. Petitioner requested the logbook to ascertain the identity of the inmate who was housed in the cell prior to petitioner, whom he then wanted to call as a witness. The Hearing Officer credited a correction officer's testimony that, prior to admitting a new inmate to the SHU, the cell is frisked and that everything, including the pillow, is checked before the inmate is placed in the cell. Moreover, the record contains an SHU cell equipment statement from the day that petitioner was placed in the cell affirming that certain items, including the pillow, were undamaged and in good working order, and the officer testified that he witnessed petitioner sign the statement that day. In light of this evidence, the Hearing Officer properly denied the request for the logbook and the testimony of the previous occupant of the cell as irrelevant (see Matter of Hyatt v Annucci, 141 AD3d 977, 978-979 [2016]; Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]). Although petitioner challenged the authenticity of the signature on the cell equipment statement, expert handwriting analysis testimony was not required, as the Hearing Officer was qualified to make an independent assessment of petitioner's signature (see Matter of Wilkerson v Annucci, 137 AD3d 1444, 1445 [2016]; Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]). In any event, any "absence of evidence demonstrating that his cell was searched or inspected prior to his arrival does not necessarily negate the inference that he possessed the [contraband]" (Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015] [internal quotation marks and citation omitted]; see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). Notably, the record reflects that petitioner was housed in that cell for over two weeks before the contraband was discovered, and "it was his own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Johnson v Barkley, 260 AD2d 882, 882-883 [1999]).
Contrary to petitioner's contention, the record reflects that the applicable regulations and procedures were followed when conducting the testing of the substance and the chain of custody was sufficiently established (see 7 NYCRR 1010.4; Matter of Miller v Annucci, 131 AD3d 1304, 1305 [2015]). Petitioner was not denied the opportunity to seek and receive the assistance of an attorney, inasmuch as the Hearing Officer adjourned the hearing for two weeks for that purpose (see Matter of Baxton v Annucci, 142 AD3d 1235, 1236 [2016]). Finally, contrary to petitioner's claim, we find nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [2018]; Matter v Lebron v Annucci, 163 AD3d 1387, 1388 [2018]). We have considered petitioner's remaining contentions and find them to be lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.