Matter of Sell v Yehl (2022 NY Slip Op 06590)

Matter of Sell v Yehl

2022 NY Slip Op 06590

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

780 TP 22-00825

[*1]IN THE MATTER OF DAVID SELL, PETITIONER,
v
C. YEHL, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, RESPONDENT. 

LOU FOX, BROOKLYN, FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered May 17, 2022) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated a disciplinary rule. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated inmate rule 113.31 (7 NYCRR 270.2 [B] [14] [xxi] [alcohol use]). We reject petitioner's contention that the determination is not supported by substantial evidence. Petitioner's differing version of events and his assertion that the officer's testimony was inconsistent "created credibility issues for the Hearing Officer to resolve" (Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [3d Dept 2016]; see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
Contrary to petitioner's contention, he "was not entitled to a copy of the instruction manual for the testing equipment" used to process his urine sample (Matter of Matthews v Annucci, 162 AD3d 1432, 1433 [3d Dept 2018]; see Matter of Morrishill v Prack, 120 AD3d 1474, 1474 [3d Dept 2014], lv granted 24 NY3d 914 [2015], appeal withdrawn 25 NY3d 948 [2015]; Matter of Cureton v Goord, 262 AD2d 1031, 1031 [4th Dept 1999]). Contrary to petitioner's further contention, the documents he requested from the independent testing laboratory "were either unavailable, irrelevant, or duplicative of other evidence in the record" (Matter of Rincon v Selsky, 28 AD3d 565, 566 [2d Dept 2006]), and thus "the record establishes that petitioner received all the relevant and available documents to which he was entitled" (Matter of Farrington v Annucci, 148 AD3d 1810, 1811 [4th Dept 2017] [internal quotation marks omitted]).
We have reviewed petitioner's remaining contentions and conclude that none warrants a different result.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court